422 F.2d 845
 73 L.R.R.M. (BNA) 2669
 CLARK'S GAMBLE CORPORATION d/b/a Clark's Discount Department
Store and M. N. Landau Stores, Inc., d/b/a Clark's
Store, Petitioners,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 No. 18354.
 United States Court of Appeals, Sixth Circuit.
 March 4, 1970.
 
 Shawe & Rosenthal, Earle K. Shawe, Robert S. Hillman, Baltimore, Md., on brief of petitioners.
 Arnold Ordman, Associate Gen. Counsel, Dominick L. Manoli, Marcel Mallet-Prevost, Assts. Gen. Counsel, Leonard M. Wagman, Atty., N.L.R.B., Washington, D.C., on brief for respondent.
 Plone, Tomar, Parks & Seliger, by Howard S. Simonoff, Camden, N.J., of counsel, S. G. Lippman, Gen. Counsel Retail Clerks International Assn., AFL-CIO, on brief for intervenor.
 Before WEICK, Chief Judge, and PECK and McCREE, Circuit Judges.
 PER CURIAM.
 
 
 1
 This case is before us under a remand of the Supreme Court which enjoins its 'further consideration in the light of National Labor Relations Board v. Gissel Packing Co., Inc., 395 U.S. 575 (89 S.Ct. 1918, 23 L.Ed.2d 547).'
 
 
 2
 Our earlier consideration of the case resulted in its remand to the National Labor Relations Board for a determination as to whether in view of the circumstances its Order requiring collective bargaining was 'still appropriate.' Clark's Gamble Corp. v. N.L.R.B., 407 F.2d 199, 202. In its brief on the present remand the Board concentrates its argument on the fact that in Gissel, 'while acknowledging the 'superiority of the election process,' the Supreme Court pointed out that 'where an employer engages in conduct disruptive of the election process, cards may be the most effective-- perhaps the only-- way of assuring employee choice." 395 U.S. at 602, 89 S.Ct. at 1934. The Board would thus have it appear that the fact that the union's majority status had been determined on the basis of representation cards was a major factor in our determination, but a reading of our opinion will quickly dispel that thought. Our single sentence observation on that point appears in effect as a postscript to the opinion, and begins with the clause, 'We add that our apprehension on this score is hardly abated by the fact that the 1964 majority determination was made on the basis of authorization cards, * * *' Clark's Gamble Corp. v. N.L.R.B., supra, 407 F.2d at 201.
 
 
 3
 Instead, the thrust of our opinion dealt with the long delay of the Board and its Trial Examiner in their handling of the case, and our expressed concern was with 'the extent to which there (may have) been a change in the identify of the employees since the time demand for recognition was made.' As we pointed out, the Trial Examiner did not issue his decision until nearly a year after the filing of the charge, and it then took the Board almost another full year to issue its order. We were and are concerned whether we are, and have been since the Board's order of November 16, 1967, dealing with substantially the same body of employees identified on the pay roster of December 22, 1964.
 
 
 4
 Emphasis was and is placed on the fact that the delay was not occasioned by procrastination or delaying tactics on the part of the respondent, but rather by the Board and its employee. This clearly takes the case out of the contemplation of Gissel, wherein the Board found 'that the employer's refusal to bargain with the Union in violation of 8(a)(5) was motivated, not by a 'good faith' doubt of the Union's majority status, but by a desire to gain time to dissipate that status.' 395 U.S. at 583, 89 S.Ct. at 1924. There is no suggestion in the record, much less any finding, that the present petitioner was guilty of any delaying tactics calculated to dissipate the majority status or otherwise.
 
 
 5
 The Board further argues that Gissel 'makes plain that * * * intervening employee turnover' does not justify refusal to enforce an otherwise warranted bargaining order, but we find no reference therein to 'intervening employee turnover.' We earlier observed that 'we need not resort to judicial notice to determine that retail clerical personnel is not unvarying since it is apparent from this record that in this store changes in personnel were frequent.' The thrust and philosophy of the Act is that employees be represented by a bargainingl agent of their choice and in this situation which fails to reflect the selection of an agent by the employees sought to be affected, and where the period for personnel turnover has been extended by Board-occasioned delay, we conclude that it would be contrary to the intent of the Act to order enforcement.
 
 
 6
 The petitioner presently urges that the actions on its part which formed the basis of the 8(a)(1) violations were neither so extensive in sumber or so pervasive (Schrementi Brothers, Inc., 179 NLRB No. 147, 72 LRRM 1481, decided December 3, 1969) as to require a bargaining order, and asks that the Board order be set aside and enforcement denied. While as clearly indicated in our earlier opinion, we regard the evidence of violations as at best marginal, it cannot be said that there is not substantial evidence in the record to support the findings of the Board, and we again decline to vacate the order.
 
 
 7
 A study of Gissel does not indicate any inconsistency between its conclusions and those herein expressed and the case is remanded to the National Labor Relations Board for the purposes indicated in our opinion of February 11, 1969.